IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JESSE C. TRENTADUE,<br><br>              Plaintiff,<br><br>vs.<br><br>FEDERAL BUREAU OF INVESTIGATION,<br><br>              Defendant. | MEMORANDUM DECISION<br>AND ORDER<br><br>Case No. 2:12CV974 DAK |

This matter is before the court on Defendant Federal Bureau of Investigation's ("FBI") Motion for Summary Judgment. A hearing on the motion was held on November 5, 2014. At the hearing, the FBI was represented by Kathryn L. Wyer, and Plaintiff Jesse C. Trentadue represented himself. Before the hearing, the court carefully considered the memoranda and other materials submitted by the parties. Since taking the matter under advisement, the court has further considered the law and facts relating to this motion. Now being fully advised, the court renders the following Memorandum Decision and Order.

The court issued a preliminary Order on December 11, 2014.[1] In that Order, the court noted that the scope of Mr. Trentadue's Freedom of Information Act ("FOIA") requests had been significantly narrowed through the briefing of the FBI's Motion for Summary Judgment but that issues remained about the claimed exemptions concerning a number of withheld (or

---
[1] Docket No. 47.

redacted) documents.  Specifically, the FBI's claims of Exemptions 1, 3, and 7(E) remained at issue with respect to 108 out of the 563 pages that the FBI identified as responsive to Plaintiff's FOIA Request Nos. 1187921 and 122421.

During the briefing of the motion and during oral argument, Mr. Trentadue requested that, prior to ruling on the Motion for Summary Judgment, the court order the FBI to prepare and submit a Vaughn Index and to submit un-redacted copies of the Vaughn Index documents/records to the court for *in camera* review, thereby allowing the court to more adequately render findings as to segregability and/or require the release of clearly segregable non-exempt portions of these documents/records.

The court agreed with Mr. Trentadue that, based on the record as it existed at the time, the court could not effectively evaluate the claimed exemptions remaining at issue, and the FBI had stated that it "is willing to submit more detailed explanations in ex parte declarations filed under seal, and to provide unredacted copies of the material at issue for the Court to review *in camera*, as is the CIA, with respect to its claimed exemptions still at issue."[2]  Accordingly, the court directed the FBI (and the CIA, to the extent it was willing) to provide unredacted copies of the material at issue for the court to review in camera.  In addition, the FBI was directed to provide either a supplemental Vaughn Index or declarations.  The FBI has complied with the court's Order, and the court has now conducted an *in camera* review of the unredacted copies of the documents at issue.

---

[2] Docket No. 45 at 14 n.7.

"'When reviewing a motion for summary judgment in a FOIA matter, the court reviews the agency's decision de novo'" in order to determine whether the agency has met its burden of proving that any information that was withheld in records located in response to a FOIA request properly falls within one of the nine statutory exceptions to FOIA's disclosure requirements. *Trentadue v. CIA*, No. 08-788, 2010 WL 1257758, at *2 (D. Utah Mar. 26, 2010) (*quoting Zanoni v. U.S. Dep't of Agric.*, 605 F. Supp. 2d 230, 236 (D.D.C. 2009)). In the FOIA context, "the facts are rarely in dispute." *Minier v. CIA,* 88 F.3d 796, 800 (9th Cir. 1996). For this reason, and because an agency responding to a FOIA request is presumed to act in good faith, "the Court may award summary judgment to an agency solely on the information provided in affidavits or declarations when they describe 'the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith.'" *Trentadue*, 2010 WL 1257758, at *2 (quoting *Antonelli v. U.S. Parole Comm'n*, 619 F. Supp. 2d 1, 4-5 (D.D.C. 2009)) (further quotation omitted). "The agency's 'affidavits or declarations are accorded a presumption of good faith, which cannot be rebutted by purely speculative claims about the existence and discoverability of other documents." *Id*. (internal quotation omitted).

In the alternative, with respect to some of the same information, the FBI, CIA, and DOS have withheld information that is "(A) specifically authorized under criteria established by an Executive Order to be kept secret in the interest of national defense or foreign policy, and (B) [is] in fact properly classified pursuant to Executive Order." 5 U.S.C. § 552(b)(1). The agencies'

determinations are entitled to considerable deference. *CIA v. Sims*, 471 U.S. 159, 179 (1985); *Wilner v. Nat'l Security Agency*, 592 F.3d 60, 76 (2nd Cir. 2009); *Larson v. Dep't of State*, 565 F.3d 857, 865 (D.C. Cir. 2009). Courts have routinely and repeatedly emphasized that "weigh[ing] the variety of complex and subtle factors in determining whether disclosure of information may lead to an unacceptable risk of compromising the [nation's] intelligence-gathering process" is a task best left to the Executive Branch and not attempted by the judiciary. *Sims*, 471 U.S. at 180.

A particularly salient reason for deferring to the agency in this context is that "each individual piece of intelligence information, much like a piece of a jigsaw puzzle, may aid in piecing together other bits of information even when the individual piece is not of obvious importance itself." *Edmonds v. FBI*, 272 F. Supp. 2d 35, 47-48 (D. D.C. 2003) (quoting *Halperin v. CIA*, 629 F.2d 144, 150 (D.C. Cir. 1980)). Only the agency is likely to fully understand the potential harm that could arise from disclosure of seemingly innocuous details. *See Bowers v. U.S. Dep't of Justice*, 930 F.2d 350, 357 (4th Cir. 1991) ("What fact or bit of information may compromise national security is best left to the intelligence experts.") Because courts recognize that an Executive component such as the FBI, CIA, or State Department has "unique insights" into the potential for adverse impacts on national security if a particular classified record were released, courts "accord substantial weight to an agency's affidavit concerning the details of the classified status of the disputed record." *Edmonds*, 272 F. Supp. 2d at 45 (internal quotation omitted). Thus, as long as the agency's declaration contains "reasonable specificity of detail" that "demonstrate[s] that the withheld information logically falls within" the scope of

the exemption, "the court should not conduct a more detailed inquiry to test the agency's judgment and expertise or to evaluate whether the court agrees with the agency's opinions." *Wilner*, 592 F.3d at 76 (internal quotation omitted); *see also Larson*, 565 F.3d at 865 (reaffirming "deferential posture in FOIA cases regarding the 'uniquely executive purview' of national security"); *Center for Nat'l Sec. Studies*, 331 F.3d at 927 ("[I]n the FOIA context, we have consistently deferred to executive affidavits predicting harm to the national security, and have found it unwise to undertake searching judicial review."); *Edmonds*, 272 F. Supp. 2d at 46 (courts have "required little more than a showing that the agency's rationale is logical to uphold an agency's classification decision" (internal quotation omitted)).

The FBI and CIA have also withheld some of the same information under Exemption 3 because the information is "specifically exempted from disclosure by [a] statute" that "(A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld." 5 U.S.C. § 552(b)(3).

Having conducted a thorough *in camera* review of the documents (or portions therof) withheld by the agency, in conjunction with the agency's claimed reasons for so withholding the information, the court concludes that the claimed exemptions are valid.  The FBI has demonstrated, through its previously filed declarations[3] and the supplemental Vaughn Index (which was submitted for in camera review along with the withheld documents) that it has

---

[3] *See* Docket No. 34.

withheld sensitive information because that information logically falls within the scope of the claimed exemption (i.e., the information is properly classified (Exemption 1), would reveal intelligence sources and methods (Exemption 3), or would reveal law enforcement techniques and strategies (Exemption 7(E)).  The declarations and coded redactions that the FBI has submitted adequately explain the nature of the withheld material and why it falls within the scope of the claimed exemptions, without providing so much detail that the protected information is disclosed.   In addition, there is no evidence here that the FBI has acted in bad faith.  Finally, the court finds that the FBI has satisfied FOIA's segregability requirement because the FBI has released all nonexempt reasonably segregable information in the documents that it identified in response to Plaintiff's FOIA requests.  *See Elec. Frontier Found. v. U.S. Dep't of Justice*, 739 F.3d 1, 12 (D.C. Cir. 2014) (citing 5 U.S.C. §552(b)).  Accordingly, the FBI's Motion for Summary Judgment is granted.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's Motion for Summary Judgment is GRANTED.  The Clerk of Court is to enter judgment in favor of the FBI.

DATED this 8th day of June, 2015.

BY THE COURT:

DALE A. KIMBALL
United States District Judge